DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Brett Dunbar, appeals a sentence imposed by the Ottawa County Court of Common Pleas. For the reasons that follow, we reverse and remand for resentencing.
 {¶ 2} Appellant entered a plea of no contest to a single count of sexual battery, a felony of the third degree and a violation of R.C. 2907.03(A)(7). The charge arose from a sexual relationship between appellant, a high school teacher and coach, and one of his students. As part of his plea agreement, appellant has surrendered his Ohio teaching license.
 {¶ 3} The trial court found appellant guilty of sexual battery. On July 29, 2005, the court sentenced him to a term of three years incarceration and a fine of $2,000. Appellant now appeals his sentence and sets forth one assignment of error:
 {¶ 4} "`THE TRIAL COURT SENTENCE ON THE SOLE COUNT OF THE INFORMATION (SEXUAL BATTERY) MUST BE REMANDED TO THE TRIAL COURT FOR RE-SENTENCING IN LIGHT OF STATE v. FOSTER."
 {¶ 5} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found certain sections of the state's felony sentencing statutes to be unconstitutional because they required judicial fact-finding, which violates a criminal defendant's Sixth Amendment right to a jury trial. The sections at issue required judicial fact-finding before a judge could impose a sentence greater than the minimum required by statute, the maximum authorized by the jury's verdict, or the maximum authorized by the defendant's admission; before imposition of consecutive sentences; or before imposition of penalty enhancements. R.C. 2929.14(B), (D)(2), (E)(4). Foster applies to all criminal convictions pending on direct appeal and requires a new sentencing hearing for any sentence imposed pursuant to a severed section of the statute. 2006-Ohio-856, at ¶ 103-104.
 {¶ 6} The trial court relied on R.C. 2929.14(B), which mandates imposition of the minimum sentence unless one of the enumerated exceptions applies. R.C. 2929.14(B) was severed byFoster. Id. at ¶ 61. In its sentencing judgment entry of August 9, 2005, the trial court did not expressly cite R.C. 2929.14(B) as a basis for its sentence, but did state that imposition of the shortest term would "demean the seriousness of the offense," the exception listed in R.C. 2929.14(B)(2). As appellant had no prior felony convictions, the court used the R.C. 2929.14(B)(2) finding as the basis for imposing a sentence greater than the minimum for a third degree felony. R.C. 2929.14(A)(3). Thus, appellant's sentence is void, and another sentencing hearing is required. Appellant's assignment of error is well-taken.
 {¶ 7} The judgment of the Ottawa County Court of Common Pleas is hereby reversed. The case is remanded to the trial court for resentencing consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R.24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Skow, J. Parish, J. concur.